HARDIN v. HOWZE.

1. The case of *Howze* v. *Howze*, 2 *S. C.* 229, determined the conditions upon which the claimant there would be entitled to a homestead, but it did not settle the existence of those conditions; and whether a homestead ever had been assigned in that case was, in this case, a question of fact for the jury.

2. At that time there was no statute covering the claim for homestead in that case, and the claim, therefore, rested alone upon the constitutional provision, which secures a homestead on two essential conditions: That the claimant is the head of a family, and that he is in possession of a dwelling-house and out-buildings on the land claimed as a homestead. When these

conditions do not exist, or have ceased, the exemption cannot be claimed by virtue of the constitution alone.

3. *Howze* v. *Howze, supra,* held (erroneously but controllingly) that the claimant was entitled to a homestead if the land contained a dwelling-house occupied by the deceased father of claimant, and if claimant was the head of a family; the Circuit judge, therefore, erred here in charging the jury that the right of claimant to this homestead expired with his minority, the former adjudication having fixed no such limitation.

Before PRESSLEY, J., Chester, November, 1881.

Action by John O. Hardin against William C. Howze, S. C. Howze *et al.*, commenced August 24th, 1880. The opinion states the case.

*Mr. G. J. Patterson,* for appellant.

*Messrs. J. & J. Hemphill,* contra.

August 9th, 1882. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. William Howze, late of Chester county, died in 1865, leaving a minor son, S. C. Howze, surviving, and others, his heirs-at-law. William C. Howze administered on his estate, and, finding it insolvent, he commenced action in 1869, to marshal the assets. Samuel C. Howze, the minor, was made a party, and answered by guardian *ad litem.* In his answer he claimed a homestead; the Circuit judge ordered a writ to issue to three commissioners therein named, to wit, to Elihu Lynn, John O. Hardin and Stephen R. Ferguson, commanding them to admeasure and lay off a homestead to this defendant. This order bears date September 23d, 1869.

From this order, and before action by the commissioners, an appeal was taken to this court. 2 *S. C.* 229. This court, in accordance with the previous case of *In re Kennedy,* held that the *ante-bellum* debts of the deceased (all of his debts being *ante-bellum,* as he died in 1865,) interposed no obstacle in the way of the homestead, nor did the fact of his decease being before the adoption of the constitution of 1868, present any

objection, and that the right of the claimant to the homestead depended upon the facts, whether William C. Howze died in possession of a dwelling-house  *  *  *  and whether the claimant was the head of a family. These facts not appearing in the proceeding, the case was remanded, the homestead to depend upon further investigation as to these.

On the return of the case to the Circuit Court, that court, April 19th, 1871, passed an order, directing C. S. Bryce, heretofore appointed receiver, to sell the real estate described in the pleadings: " So much as has been adjudged liable to the claim of, and assigned for homestead of S. C. Howze, one of the defendants, to be sold subject to said right of homestead. That the fee-simple estate of the remainder, if any, be sold," with other provisions in the order as to the distribution of the proceeds of sale not necessary to be mentioned here. On October 24th thereafter, two of the commissioners named in the original writ issued in 1869, to wit, Hardin, the present plaintiff, and Ferguson, with one Heath, not named in the writ, made a return in which they reported that, in pursuance of a writ of admeasurement of homestead for S. C. Howze, they had laid off and assigned to the said S. C. Howze, two hundred and seventy acres for homestead, which is the land now in dispute. It does not appear that this paper was ever recorded, nor that any action was taken thereon by the court. S. C. Howze seems to have been in possession, which he retained until after he became of age, when he went to Texas, whether to remain permanently or not does not fully appear. In his own testimony, he stated that he was twenty-eight years of age; that he left South Carolina in 1879, and went to Texas on a visit, and had intended all the time to return as soon as he made money enough to pay expenses; that he was farming in Texas, on shares.

Under the order of April 19th, 1871, C. S. Bryce, the receiver, sold the real estate of William Howze according to the terms of the order, to Hemphill, who, having transferred his bid to Hardin, the plaintiff, the receiver executed a deed to Hardin on November 8th, 1871, in which he conveyed three hundred acres, more or less, to him, " subject, nevertheless, to the right and claim of S. C. Howze to a homestead in the same,

as has been or may be adjudged by the decree and judgment of the court in that behalf."

This action is to recover possession of the land by Hardin, who claims under the deed from Receiver Bryce. The defendants all lived on the land, when the action commenced, except S. C. Howze. The jury found the land in dispute for the plaintiff, except a portion which, previous to the action, had been conveyed by plaintiff to D. B. Cloud. This was excepted in the verdict.

The judge charged as is set forth in exceptions one and two below, and declined to charge as requested in exceptions three, four, five, six and seven. The defendants have appealed upon the following grounds:

1. "Because his Honor charged that the homestead was awarded in the case of *Howze* v. *Howze*, in the land in dispute, to S. C. Howze, until such time as he should arrive at the age of twenty-one years, and that after that time the purchaser was to take the land so assigned.

2. "Because his Honor charged that if S. C. Howze has attained twenty-one years, the plaintiff is entitled to recover the premises in dispute, or so much thereof as he has not parted with.

3. "Because his Honor refused to charge that the court in *Howze* v. *Howze* having decided that S. C. Howze was entitled to homestead, is conclusive that it was a homestead in accordance with the provisions of the constituton on that subject, and an intent to the contrary cannot be inferred.

4. "Because his Honor refused to charge that such homestead must have been assigned to S. C. Howze solely on the grounds that he was the head of a family, entitled under the constitution, and that the duration of enjoyment of said homestead is unlimited as to time.

5. "Because his Honor refused to charge that an intent on the part of the court in *Howze* v. *Howze* to decide as to the duration of S. C. Howze's homestead otherwise than in accordance with the constitution, is· not to be inferred, except upon conclusive proof of such intent.

6. "Because his Honor refused to charge that there could be

no valid sale made of any reversionary interest in lands assigned to S. C. Howze for homestead, in *Howze* v. *Howze.*

7. " Because his Honor refused to charge, that it having been adjudged that S. C. Howze is entitled to a homestead in the lands in dispute, and the said lands having been assigned to him as a homestead by a court of competent jurisdiction, the plaintiff cannot impeach it in this collateral proceeding, either by showing that S. C. Howze was not entitled to homestead at all, or by showing that it had not been assigned to him as a homestead in accordance with the constitution, to wit, a homestead of unlimited duration."

We will consider the exceptions in the inverse order in which they are presented. The seventh assigns error, because the Circuit judge declined to charge that plaintiff could not impeach the homestead in this collateral proceeding, either on the ground that he was never entitled thereto, or that it had never been assigned to him, when it had been adjudged that he was entitled to it, and when it had been assigned to him by a court of competent jurisdiction.

It does not appear that the right of S. C. Howze to this homestead had ever been adjudged. The case of *Howze* v. *Howze, supra,* determined the conditions upon which he might be entitled, but it did not settle the fact that these conditions were present. The case was remanded to the Circuit Court to make this inquiry, so that the judge could not have properly charged the first branch of this request. The second was a question of fact which was beyond his province; whether, in fact, a homestead had ever been assigned, was for the jury.

In the third, fourth, fifth and sixth exceptions, the appellants contend that the homestead which S. C. Howze obtained, was obtained by virtue of the constitutional provision on the subject of homestead; that such a homestead is of unlimited duration, and that the judge should have so charged. At the time S. C. Howze made his claim, there was no act of assembly under which it could be secured. The act of 1868 did not meet his case. That provided a way for the widow and minor children of a deceased head of a family, who, at the time of his death, was entitled to a homestead, which this act continued for their

benefit. *Gen. Stat.* 476, § 6. The father of S. C. Howze died in 1865, years before the constitution was adopted. He was not, therefore, entitled to a homestead at his death. Such being the fact, the act of 1868 did not cover the claim of S. C. Howze, and the court so held. But it also held, that if he was entitled to it, it was under the constitutional provision, and the case was sent back to ascertain whether the constitutional requirements were in existence.

No doubt it was true, then, if S. C. Howze was entitled at all to his claim, it was directly under the constitution and independent of any act on the subject. Yet, what necessity was there for the judge to charge this. The material part of the request was as to its duration, and it would have been error for the judge to charge as requested on that question. For, while there is nothing in the constitutional provision which fixes a definite period or limit to a homestead, there is certainly nothing in it which makes it unlimited. The language of the constitution is: "That a family homestead of the head of each family * * * such homestead consisting of a dwelling-house, out-buildings, * * * shall be exempt from attachment, levy or sale on any mesne or final process from any court."

This provision neither creates or confers any new title or property upon the claimant, but simply stays the arm of the court from touching that already in existence, to wit, the family homestead, and in favor of the head of the family. When these two conditions exist, and are present together, to wit, the head of a family and a family homestead, consisting of a dwelling-house, &c., then the constitutional homestead is in existence, free from the process of any and all courts. Standing together, they occupy a charmed circle, thrown around them by the constitution, which no process can invade; but, disunited and apart, there is no exemption or protection so far as the constitution is concerned.

Apart from the acts on the subject, the question in every case would be, Is there a head of a family, and is that head in possession of a dwelling-house and out-buildings, such as are specified in the constitution as the material for homestead? If so, the process of the courts is paralyzed, and it stands thus paralyzed as

long as these conditions are present. But when these conditions disappear, what is there in the constitution to stop the courts? We see nothing.

. This does not apply to homesteads obtained under the acts of assembly which have been passed in pursuance of the constitution. Such homesteads are governed by the acts allowing them, both as to their duration and all other qualities; but we are discussing a homestead derived solely from the constitutional provision itself as in this case. Admitting, then, that S. C. Howze derived his homestead, if any, from the constitution, and in accordance with its provisions, yet that homestead, depending as it did for its existence upon the presence of the two conditions mentioned, and the duration of these conditions not necessarily being unlimited, it would have been error for the judge to have charged that, after assignment, the homestead assigned was necessarily unlimited as to time.

This claim is a peculiar and isolated claim; such a case can never arise again The father of the claimant died before the adoption of the constitution, and before any act on the subject of homestead was passed. If it was now before the court for the first time, no doubt the claim would be dismissed upon several grounds. Standing as it does, however, we have considered it upon its own peculiar facts, and upon principles applicable to the case as made.

Exceptions one and two complain because the Circuit judge charged that the homestead expired when S. C. Howze reached his majority. We know of no authority to sustain the position of the charge. The homestead which was assigned, if any, was under the principles laid down in *Howze* v. *Howze, supra.*

That case was, no doubt, decided erroneously, but still it was a decision of the court of last resort in the State, and it was the law for all time in that case, and authority in all other similar cases until overruled. It held that the right of S. C. Howze to the homestead which he claimed, depended, not upon his minority, but upon the two questions of fact which the case was sent back to have determined upon a new trial, to wit, whether the land upon which the homestead was claimed con-

tained the dwelling-house of the deceased William Howze, and whether S. C. Howze was the head of a family.

We cannot see, therefore, what the minority of S. C. Howze had to do with the case. Under the case of *Howze* v. *Howze*, his right depended. upon the fact that he was the head of a family, and this without regard to the question whether he was a minor or not, and if he became entitled to it upon that .ground, there can be no reason that it should be lost when he becomes of age, and because he arrives at age. If he obtained it while under age, because he was the head of a family, why should he not hold it after reaching his majority, if he still remains the head of a family?

We do not think that the questions raised by respondent can be considered in this case. It is admitted that the principles laid down in *In re Kennedy* and in *Howze* v. *Howze* were erroneous, but when the claim of this party was adjudicated, these principles controlled, and his rights became fixed; and whatever those rights may be, they are beyond assault. We think there was error in the charge of the judge as to the duration of this homestead, and on that account the case must be remanded for a new trial.

The main questions in this case, and those which should control in the new trial, are chiefly questions of fact. First, was a homestead ever assigned to S. C. Howze in accordance with the opinion of this court in the case of *Howze* v. *Howze?* If so, the plaintiff bought, subject to this homestead; if not, he bought free from it. The dates of the different orders and papers, the statements in the brief, and the language in plaintiff's deed, leave it in great doubt whether, as a matter of fact, any homestead was ever legally laid off and assigned, in such way as to have become complete and a bar to the purchaser at the sale ordered by the court. Whether S. C. Howze is still the head of a family in the sense of those terms as used in the constitution, is another question of fact, and, if not, whether the homestead, though once assigned, under the peculiar circumstances of this case, can be protected?

It is the judgment of this court that the judgment of the Circuit Court be reversed, and the case be remanded for a new trial.